**E-filed on:** 2/24/2009

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TODD R. FORD,<br><br>      Plaintiff,<br><br>    v.<br><br>ANTHONY MICHAEL CICOLETTI,<br><br>      Defendant. | No. C-09-00573 RMW<br><br>ORDER DENYING APPLICATION FOR TEMPORARY PROTECTIVE ORDER<br><br>**[Re Docket No. 4]** |

    Plaintiff Todd R. Ford alleges that defendant Anthony Michael Cicoletti, a former business partner of Ford's, owes him contribution for Ford's payment of federal and state taxes arising out of their business dealings in the late nineties. Ford applies for a temporary protective order to preserve the status quo until a hearing on Ford's application for a writ of attachment.

    This court applies California state law to requests for a writ of attachment. Fed. R. Civ. P. 64. Under such law, the court may only issue a writ of attachment without a noticed hearing if the plaintiff shows that "great or irreparable injury would result to the plaintiff if issuance of the order were delayed[.]" Cal. Civ. Proc. § 485.010(a). Section 485.010 lists a variety of ways that a plaintiff may make such a showing. *See id.* § 485.010(b). California's rules governing the issuance

of a temporary protective order until a hearing on an application for a writ of attachment incorporate section 485.010's mechanisms for proving "great or irreparable injury." *Id.* § 486.010(a)-(b). Ford seeks to prove "great or irreparable injury" under section (b)(2), which requires Ford to prove that:

> Under the circumstances of the case, it may be inferred that the defendant has failed to pay the debt underlying the requested attachment and the defendant is insolvent in the sense that the defendant is generally not paying his or her debts as those debts become due, unless the debts are subject to a bona fide dispute. Plaintiff's affidavit filed in support of the ex parte attachment shall state, in addition to the requirements of Section 485.530, the known undisputed debts of the defendant, that the debts are not subject to bona fide dispute, and the basis for plaintiff's determination that the defendant's debts are undisputed.

Cal. Civ. Proc. § 485.010(b)(2).

Ford's showing is limited to his argument that Cicoletti promised to pay his share of the business' tax bill and never has. *See* Ford Decl. ¶ 25. Ford notes that he has previously sued Cicoletti for reimbursement, but that the claim was discharged by Cicoletti's bankruptcy in 2001. *Id.* ¶ 26. Ford's supporting declarations do not show any other debts owed by Cicoletti, or that Cicoletti is generally avoiding other debts. On the contrary, Ford's declaration states that he discovered that Cicoletti bought a condominium in June of 2008 and that Cicoletti still possesses the condo. *See id.* ¶¶ 28-29. This statement suggests an opposing inference, namely, that Cicoletti's credit has improved such that he was able to buy a condo[1] and remain current on the payments.

Putting aside section (b)(2), another fact precludes a finding that Ford will suffer "great or irreparable injury." Cicolleti's alleged liability to Ford arose years ago; indeed, Ford paid off the tax debts in full in June of 2005. *See* Ford Decl. ¶¶ 9, 24. Ford discovered that Cicoletti possessed the property Ford now seeks to attach in June of 2008. *Id.* ¶ 28. But Ford took no action until February of 2009, strongly suggesting that there is no urgency to Ford's claim to relief. Nor is there any indication from Ford's papers that Cicoletti is more likely to hide or encumber his assets now than at any point in the past eight months when Ford did nothing.

The court therefore denies the request for a temporary protective order. Ford appears to also seek a hearing on his request for a writ of attachment. In light of Ford's service of Cicoletti on

---

[1] Ford's proposed form for the writ of attachment shows that Bank of America also possesses an interest in Cicoletti's condo.

ORDER DENYING APPLICATION FOR TEMPORARY PROTECTIVE ORDER
No. C-09-00573 RMW
TSF                                       2

February 23, the court schedules the hearing for April 3, 2009. Ford may file any additional papers in support of his application by February 27. Cicoletti must file his opposition by March 13. Any reply from Ford is due March 20. Ford shall file a copy of this order on Cicoletti by February 27.

DATED:     2/24/2009

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiff:**

3  Christopher K. Karic      ckk@robinsonwood.com
Cyndi J Claxton        cjc@robinsonwood.com

5  **Counsel for Defendant:**

6  (no appearance)

8  Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

10  **Dated:**   2/24/2009            TSF
**Chambers of Judge Whyte**

ORDER DENYING APPLICATION FOR TEMPORARY PROTECTIVE ORDER
No. C-09-00573 RMW
TSF      4