CHRISTOPHER K. KARIC [SBN. 184765]
ckk@robinsonwood.com
CYNDI J. CLAXTON [SBN. 246801]
cjc@robinsonwood.com
ROBINSON & WOOD, INC.
227 N 1st Street
San Jose, California 95113
Telephone: (408) 298-7120
Facsimile: (408) 298-0477

MICHAEL ST JAMES, [SBN 095653]
michael@stjames-law.com
ST. JAMES LAW P.C.
155 Montgomery Street, Suite 1004
San Francisco, CA 94104
Telephone: (415) 391-7566
Facsimile: (415) 391-7568

Attorneys for Plaintiff TODD R. FORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| TODD R. FORD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ANTHONY MICHAEL CICOLETTI and DOES 1 through 10,<br><br>　　　　Defendants. | Case No. C09 00573 RMW HRL<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date:　June 5, 2009<br>Time:　9:00 a.m.<br>Judge:　Ronald M. Whyte<br>Dept.:　6 |

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PROCEDURAL MATTERS | 1 |
|  | A. The Prior Motion to Dismiss | 1 |
|  | B. This Court Is Best Situated To Resolve The Motion to Dismiss | 1 |
| III. | THE MOTION TO DISMISS MUST BE DENIED | 2 |
|  | A. The Undisputed Facts | 2 |
|  | B. The Issue | 2 |
|  | C. The Taxes Were Not Discharged | 2 |
|  |     (a) for a tax or a customs duty – | 2 |
|  |         (i) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed. | 3 |
|  | D. Statutory Subrogation is Available to Plaintiff | 3 |
|  | E. Statutory Subrogation Did Not Alter the Non-Dischargeability of the Taxes | 7 |
|  | F. The Discharge Injunction is Inapplicable | 9 |
| IV. | CONCLUSION | 9 |

## TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Crum v. Circus Circus Enterprises*, 231 F.3d 1129 .................................................................. 1

*In Re Cooper* 83 B.R. 544, 547 (Bkrtcy. C.D. Ill. 1988) ..................................................... 5, 6, 9

*In Re Cornmesser's, Inc.* 264 B.R. 159, 163 (Bkrtcy. W.D. Pa. 2001) ........................................ 4

*In Re Fiesole Trading Corp.*, 315 B.R. 198 (Bkrtcy. D. Mass. 2004) ................................. 4, 5, 6

*In re Flick*, 75 B.R. 204 (Bkrtcy. S. D. Cal. 1987) ..................................................................... 8

*In re Hamada*, 291 F.3d 645, 650-51 (9th Cir., 2002) ............................................................... 8

*In re Rose*, 139 B.R. 878, 880 – 881 (Bkrtcy. W. D. Tenn. 1992) ............................................. 7

*In Re Russell*, 109 B.R. 62 (Bkrtcy. W.D. Ark. 1989) ........................................................... 5, 6

*In re Spirtos*, 103 B.R. 240, 245 (Bankr.C.D.Cal.1989 ............................................................. 3

*In re Tooks*, 76 B.R. 162, (Bkrtcy. S.D. Cal. 1987) .................................................................. 8

*In Re Valley Vue Joint Venture* 123 B.R. 199, 205 (Bkrtcy. E.D. Va. 1991) ............................ 5

*Matter of Fields*, 926 F.2d 501, 503 (5th Cir. 1991) .................................................................. 7

Matter of Topgallant Lines, Inc., 154 B.R. 368 .......................................................................... 3

*Matter of Waite*, 698 F.2d 1177, 1177 (11th Cir. 1983) ............................................................. 7

*National Collection Agency, Inc. v. Trahan*, 624 F.2d 906, 907 - 908 (9th Cir., 1980) ....... 7, 8, 9

**FEDERAL STATUTES**

[S]ection 523(a)(1) ..................................................................................................................... 9

11 U.S.C. §507(a)(8)(C) ......................................................................................................... 1, 3

11 U.S.C. §509(a) .............................................................................................................. passim

11 U.S.C. §523(a)(1) ............................................................................................................... 2, 3

11 U.S.C. §524(a) ....................................................................................................................... 9

Section 524(a)(2) ........................................................................................................................ 9

## I. INTRODUCTION

Ford, Cicoletti & Company failed to pay payroll withholding taxes (the "Taxes") which resulted in the imposition of a 100% penalty on both of its officers, Plaintiff and Defendant herein. Defendant filed a bankruptcy case, but the bankruptcy case had no effect upon his obligation to pay the Taxes. 11 U.S.C. §507(a)(8)(C), §523(a)(1)(A). Several years later, Plaintiff paid the Taxes and became entitled to assert them against the Defendant. 11 U.S.C. §509(a). Plaintiff did so in this lawsuit, and was met with the instant Motion to Dismiss, which asserts that the obligation had been discharged in the Defendant's bankruptcy case.

## II. PROCEDURAL MATTERS

### A. The Prior Motion to Dismiss

The Defendant filed a prior Motion to Dismiss. In response, Plaintiff filed a First Amended Complaint which clarified the parties' dispute. Although it did not alter the briefing as a matter of civil procedure,[1] Plaintiff accommodated the Defendant's desire to file a new Motion to Dismiss.

Plaintiff also accommodated Defendant's request for an extension of time through April 24, 2009 to respond to the First Amended Complaint. Inexplicably, the Defendant failed to do so and failed to respond to inquiries from Plaintiff over the ensuing days. The day after Plaintiff finally requested entry of a Clerk's default, the Defendant filed the instant Motion to Dismiss.

### B. This Court Is Best Situated To Resolve The Motion to Dismiss

The title of the Defendant's Motion includes a request "In the Alternative to Stay While Bankruptcy Court Considers Order to Show Cause RE: [sic] Contempt of The Bankruptcy Discharge Injunction." The request is not presented elsewhere in the moving papers.

This Court is better situated than the Bankruptcy Court to hear and decide the issues presented by the Motion to Dismiss. Indeed, these issues have already been twice briefed to this

---

[1] Under Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Defendant filed a motion to dismiss, which is not a "responsive pleading" within the meaning of Rule 15. *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1130 fn. 3 (9th Cir. 2000).

Court. On the other hand, the Defendant, despite ample time to do so, has yet to file anything in the Bankruptcy Court. It is appropriate that this Court decide the issue to avoid any further delay.

## III. THE MOTION TO DISMISS MUST BE DENIED

### A. The Undisputed Facts

Although presented in laborious detail in the Motion, the undisputed facts are simple and straightforward.

Ford, Cicoletti & Company, Inc. (the "Corporation") owed payroll withholding taxes accrued in the 1990s (the "Taxes"). The Corporation failed to pay those taxes, and the IRS assessed a 100% penalty against the Corporation's responsible individuals, Plaintiff and Defendant.

The Defendant thereafter filed a Chapter 7 bankruptcy petition, but his liability for the Taxes was not discharged. 11 U.S.C. §523(a)(1).

The IRS thereafter collected the full amount of the Taxes from Plaintiff. Plaintiff filed this action to obtain subrogation respecting Defendant's share of the Taxes paid by Plaintiff.

### B. The Issue

The only issues presented by this action and the instant Motion are: Was Plaintiff statutorily subrogated to the Taxes, and did Defendant's bankruptcy discharge the subrogated Taxes?

The Defendant asserts that the Taxes are a pre-petition debt, and the discharge stay bars efforts to collect pre-petition debts. In fact, the discharge stay affects only dischargeable debts, and the Taxes were not dischargeable. Plaintiff submits that the Taxes remain non-dischargeable when asserted by Plaintiff as statutory subrogee.

### C. The Taxes Were Not Discharged

Section 523(a) of the Bankruptcy Code specifies the debts that are not dischargeable in bankruptcy. First among them are certain specified tax debts. The statute provides:

(1) A discharge... does not discharge an individual debtor from any debt-

    (a) for a tax or a customs duty —

(i) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed.

11 U.S.C. §523(a).

Unpaid payroll withholding taxes and the associated 100% penalty – the Taxes at issue here – are identified in Section 507(a)(8)(C) as "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." 11 U.S.C. §507(a)(8)(C).

Thus, the Taxes were expressly excluded from the Defendant's bankruptcy discharge.

### D. Statutory Subrogation is Available to Plaintiff

Through the First Amended Complaint, Plaintiff made it clear that he was proceeding exclusively on the basis of the statutory subrogation provided by Section 509 of the Bankruptcy Code.

> § 509 creates a statutory right of subrogation independent of principles of equitable subrogation. *See In re Spirtos,* 103 B.R. 240, 245 (Bankr.C.D.Cal.1989) ("... equitable subrogation is separate and distinct from the subrogation rights afforded by section 509 ....")

Matter of Topgallant Lines, Inc., 154 B.R. 368, 382 (S.D.Ga., 1993), aff'd 20 F. 3d. 1175, rehearing and suggestion of rehearing en banc denied, 49 F.3d. 734. The Defendant nonetheless cites and relies upon decisions addressing equitable subrogation.

Section 509 of the Bankruptcy Code provides for statutory subrogation of claims:

> [A]n entity that is liable with the debtor on . . . a claim of a creditor against the debtor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment.

11 U.S.C. §509(a). That language precisely fits the present circumstances: Plaintiff "was liable with the debtor"/Defendant "on a claim of" the IRS for Taxes "against the debtor"/Defendant, and Plaintiff paid that claim (in full), so "Plaintiff is subrogated to the rights of such creditor [the IRS] to the extent of such payment." As discussed below, courts have found that one of the "rights of such creditor" that passes through subrogation is the statutory non-dischargeability of an underlying tax debt.

The Defendant argues that statutory subrogation does not apply in this case as a result of the exception set forth in Section 509(b)(2), which provides that subrogation will not apply

> to the extent that . . . as between the debtor and such entity, such entity receives the consideration for the claim held by such creditor.

11 U.S.C. §509(b)(2). Applied to the instant case, subrogation would not apply if, as between Plaintiff and Defendant, the Plaintiff "received the consideration" for the claim held by the IRS.

This seems a difficult factual assertion to advance, since it would seem to require characterizing the Taxes consumed by the Corporation as having been in some sense received by Plaintiff in his capacity as an owner and manager of the Corporation. Decisional law has considered and rejected such arguments in connection with the Section 509(b)(2) exception. For example, in *In Re Cornmesser's, Inc.* 264 B.R. 159, 163 (Bkrtcy. W.D. Pa. 2001), the president of a closely held corporation guaranteed a loan and when the corporation failed to satisfy the debt, the president was required to do so. The corporation's bankruptcy trustee objected to the president's subrogation claim on the grounds that he had been a substantial shareholder and officer of the corporation when the loan was obtained and so he had indirectly "received the consideration," much as Defendant may be arguing here. The Court rejected that argument, noting that "even if all of its stock is owned by a single individual, a corporation is a separate and distinct entity." If the corporation received the loan – or in this case, consumed the payroll withholding taxes – that entity, and not its officers or shareholders, is the one who "received the consideration".

More directly instructive in the current circumstances is *In Re Fiesole Trading Corp.*, 315 B.R. 198 (Bkrtcy. D. Mass. 2004). In that case, like the instant one, a corporation failed to pay payroll withholding taxes and the IRS ultimately collected the taxes from the responsible individuals through a 100% penalty assessment. The individuals sought subrogation in the corporate bankruptcy case and the trustee objected, asserting that the individual had merely paid his own personal liability respecting the 100% penalty.

The Court explained that for the purposes of the

> "primary" versus "secondary" obligation interpretation of §509(b)(2), this Court finds that the corporate Debtor is primarily liable for the unpaid Trust Fund taxes, while the liability of Movants as responsible individuals is secondary to the underlying tax obligation.

*Fiesole, supra,* 315 B.R. at 208. Presenting extensive authority for the proposition that the 100% penalty obligation is secondary, the Court held that the Section 509(b)(2) exception did not apply.

Apparently recognizing that he will be unsuccessful in attempting to meet the language of the statutory exception – "as between [Defendant] and [Plaintiff], [Plaintiff] receive[d] the consideration for the claim" – the Defendant argues instead Plaintiff is a "primary obligor" and as such is not entitled to subrogation, relying on equitable subrogation cases.[2] The obvious response is that statutory subrogation and equitable subrogation are different.

Not surprisingly, statutory subrogation case law follows the statute: "the statute looks to the relationship between the debtor and the co-debtor in terms of which one received the consideration giving rise to the joint obligation." *In Re Cooper* 83 B.R. 544, 547 (Bkrtcy. C.D. Ill. 1988). The exception was explained as being "designed to prevent a person who received the consideration (e.g., the loan proceeds) from the creditor from being subrogated to the creditor's rights against a guarantor, surety, accommodation co-maker or similar party after the debtor has satisfied his own obligations." *In Re Valley Vue Joint Venture* 123 B.R. 199, 205 (Bkrtcy. E.D. Va. 1991).

Thus, the exception in Section 509(b)(2) operates to prevent subrogation in favor of the primarily liable party against the secondarily liable party; it does not preclude subrogation among parties who are equally liable, as is the case here. Among parties who are equally liable, the courts have routinely applied Section 509 to equalize their treatment and have consistently rejected attempts to assert the Section 509(b)(2) exception. For example, in *In Re Russell*, 109 B.R. 62 (Bkrtcy. W.D. Ark. 1989), Snider and Gibson jointly purchased stock from NBC pursuant to a

---

[2] "[A] party cannot sue for subrogation where they [sic] are one of the primary obligors on the debt." Motion, 13:26-7 et seq.

promissory note as to which they were both co-makers; but as between themselves, there was a specific division of the stock and their obligations respecting the note. The Court explained that "if either Snider or Gibson had been compelled to pay more than his share of the indebtedness to NBC, a classic right of subrogation would exist in favor of the one who paid more." *Russell, supra*, 101 B.R. at 65.

Likewise, in *Cooper, supra*, the obligation at issue was for income taxes, on which both spouses were jointly liable. Applying subrogation under Section 509(a), the Court explained:

> Darlene should be able to subrogate to the IRS' claim against Alva in order to recover the portion of the taxes Alva should have paid. She clearly paid the joint obligation to protect her own interest. In addition, there is support for this conclusion in the legislative history of section 509 of the Code. The legislative history of the section refers to subrogation as a means for codebtors to enforce the right of contribution. [cite omitted] Contribution is available to a party that has paid more than his/her share of a joint indebtedness.

Cooper, supra, 83 B.R. at 544.[3] Cooper is directly comparable to the current circumstances: both Coopers were jointly liable to the IRS, as Plaintiff and Defendant are here. One Cooper paid the taxes and sought contribution from the other, as Plaintiff seeks from Defendant through this action. Statutory subrogation provided relief in Cooper, as it should in this case.

In sum, whether *equitable* subrogation excludes "primary obligors" is irrelevant. This action asserts *statutory* subrogation under Section 509(a). The instant transaction fits squarely within the language of Section 509(a). Likewise, as between Plaintiff and Defendant, Plaintiff did not "receive the consideration" so as to render the Section 509(b) exception applicable. Plaintiff and Defendant were equally liable. Under the case law applying Section 509, "a classic right of subrogation would exist in favor of the one who paid more," Plaintiff in this case. Plaintiff is entitled to the benefits of statutory subrogation.

---

[3] Contrast *Cooper, Russell* and *Fiesole* with Defendant's Motion, at 15:18, "Plaintiff relied solely on cases involving sureties."

### E. Statutory Subrogation Did Not Alter the Non-Dischargeability of the Taxes

As a general rule, a transfer of the right to pursue a non-dischargeable claim; e.g., by subrogation; does not alter the non-dischargeability of the claim. "[I]t is apparently the majority rule that co-debtors or sureties, such as Travelers, that have paid a nondischargeable tax debt are subrogated to the taxing authority's right to assert nondischargeability." *In re Rose,* 139 B.R. 878, 880 – 881 (Bkrtcy. W. D. Tenn. 1992) (collecting cases).

The two Circuit Courts of Appeals to have ruled on the issue under the current Bankruptcy Code have so held.

> [T]he district court denied the Debtor a discharge of a debt owed to a Surety for paying the Debtor's tax liability. We affirm. The Surety was subrogated to the rights of the taxing entity which could have prevented a discharge of the tax debt, if it had gone unpaid…

*Matter of Waite,* 698 F.2d 1177, 1177 (11th Cir. 1983); and see *Matter of Fields,* 926 F.2d 501, 503 (5th Cir. 1991) ("a surety who pays a tax debt of another is subrogated to the State's right to an exception from discharge").

These courts do not see the debtor's "fresh start" impaired by a ruling that the debt remains non-dischargeable notwithstanding assignment because "[t]he debtor's fresh start is the same; he owes the same amount of nondischargeable tax debt; the only difference is whether the debtor owes the debt to the government or the surety." *Fields, supra,* 926 F.2d at 504, n8.

The *Fields* Court noted that this rule was applied by a majority of the courts, citing authorities, but explained that "The Ninth Circuit is the one notable exception to this majority," citing *National Collection Agency, Inc. v. Trahan,* 624 F.2d 906, 907 - 908 (9th Cir., 1980). It is submitted that *Trahan*, a decision that rested explicitly on policies applied *in the absence of a statute* addressing subrogation under the prior Bankruptcy Act of 1898 – that is, the law *prior to* the enactment of Section 509 – is no longer good authority. There is no reason to believe that if called upon to address the current Bankruptcy Code and the new statutory provision relied on by the "majority" of courts, the Ninth Circuit would instead import *Trahan* into this context.

Indeed, in a recent decision the Ninth Circuit appeared willing to apply Section 509 to effect a statutory subrogation of a non-dischargeable claim. *In re Hamada,* 291 F.3d 645, 650-51 (9th Cir., 2002). In *Hamada*, the issuer of a letter of credit which backed a *supersedeas* bond sought to be subrogated to the underlying non-dischargeable claim, relying in part on statutory subrogation under Section 509. The Ninth Circuit did not dispute the proposition that the application Section 509 would result in subrogation of the non-dischargeable characteristic of the claim, but held that statutory subrogation under Section 509 did not apply in that case because an issuer of a letter of credit is not "liable with the debtor on the claim:" the independence principle renders the issuer separately liable to the creditor on the letter of credit, not the underlying claim. The analysis of Section 509 presented in *Hamada* suggests that in a proper case – such as this case – the Ninth Circuit would join the other courts in holding that statutory subrogation of a non-dischargeable tax claim leaves the subrogated claim non-dischargeable.[4]

Decisional law in the Ninth Circuit following the enactment of the Bankruptcy Code does not look to *Trahan* and is instead consistent with the "majority view" elsewhere: a non-dischargeable claim remains non-dischargeable, even if it is asserted by a different person. Thus, in *In re Flick*, 75 B.R. 204 (Bkrtcy. S. D. Cal. 1987), one partner committed non-dischargeable fraud upon a third party, but the third party obtained a recovery from the honest partner. The court concluded that the honest partner could assert the non-dischargeable claim against the partner who had filed bankruptcy. The Court expressly considered, but found inapplicable, the *Trahan* decision.

Likewise, in *In re Tooks,* 76 B.R. 162, (Bkrtcy. S.D. Cal. 1987) an attorney had misappropriated trust funds, an offence that was non-dischargeable as against the victim. The State Bar partially compensated the victim and took a partial assignment of the victim's claim. The State Bar then prosecuted a dischargeability action against the attorney, and the court concluded that the

---

[4] *After* concluding that statutory subrogation was not available, the Ninth Circuit in *Hamada* considered equitable subrogation and concluded that it was not available either. The Defendant quotes a portion of the Ninth Circuit's discussion of the equitable subrogation alternative. As noted, equitable subrogation is irrelevant to the instant dispute.

claim remained non-dischargeable when asserted by the State Bar and that *Trahan* was not applicable.

Perhaps most directly relevant to the issue at hand is *Cooper, supra,* a case like the instant one involving statutory subrogation of a tax claim for which both parties were jointly liable. There, the Court carefully analyzed whether, when subrogated to the IRS tax claim against her former husband, Ms. Cooper would be subrogated to its non-dischargeable nature and concluded:

> [S]ection 523(a)(1) of the Code clearly indicates that once it is determined that Darlene is entitled to subrogate to the IRS' claim under section 509, she also becomes entitled to assert the IRS' right to have its debt determined nondischargeable.

*Cooper, supra,* 83 B.R. at 548.

It is submitted that current law on this issue is consistent throughout the country: a co-debtor who pays a non-dischargeable tax claim and is statutorily subrogated to the tax claim preserves its non-dischargeable character, and may thereafter collect it from the debtor.

### F. The Discharge Injunction is Inapplicable

The Defendant complains that this action violates the discharge injunction. The discharge injunction of Section 524(a)(2) and (a)(3) enjoins, respectively, the prosecution of and collection of "any debt discharged..." 11 U.S.C. §524(a). The discharge injunction requires, as a predicate, that the claim pursued not have been discharged in the bankruptcy case. Since the Taxes are non-dischargeable, the discharge injunction is not applicable.

### IV. CONCLUSION

Section 509 of the Bankruptcy Code provides a statutory right of subrogation directly applicable to this case. As discussed above, case law makes it clear that equally liable persons may avail themselves of statutory subrogation to require contribution when one has paid more than his fair share of a joint obligation, as happened here. It is also clear that one who pays a non-dischargeable claim is statutorily subrogated to both the claim and its non-dischargeable nature. Plaintiff qualifies for statutory subrogation under Section 509, and Plaintiff is subrogated to the non-dischargeable characteristics of the Taxes. The discharge injunction does not impair the collection of non-dischargeable claims, such as the subrogated tax claim at issue here.

1  The Motion to Dismiss must be denied.

2  Dated: May 11, 2009                                Respectfully submitted,

3                                                     ST. JAMES LAW, P.C.
4                                                     ROBINSON & WOOD, INC.

6                                                By:  _____
7                                                     CHRISTOPHER K. KARIC
                                                      CYNDI J. CLAXTON
8                                                     MICHAEL ST. JAMES
                                                      Attorneys for Plaintiff TODD R. FORD